Blackmar, Kelly and Jaycox, JJ. Order to be settled before Mr. Justice Blackmar.

WALTER L. BELL, Respondent, v. LEPRESTRE, MILLER & Co., INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.

HERBERT BERRI and Others, as Executors, etc., of WILLIAM BERRI, Deceased, Respondent, v. REALTY ASSOCIATES and Others, Defendants, and ELLIOTT H. KING and SOPHIA HAIR GOODS COMPANY, INC., Appellants. — Interlocutory judgment affirmed, with costs. No opinion. Mills, Rich, Blackmar and Jaycox, JJ., concurred; Jenks, P. J., not voting.

ARTHUR BUSHEL, Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY and THE VILLAGE OF TARRYTOWN, Respondents.— Judgment unanimously affirmed, with costs, on authority of *Moenig* v. *New York Central Railroad Co.* (187 App. Div. 323), decided herewith; and findings modified as indicated in our decision therein. Present — Mills, Rich, Blackmar, Kelly and Jaycox, JJ. Order to be settled before Mr. Justice Blackmar.

GEORGIANA L. CUSHMAN, Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY and THE VILLAGE OF TARRYTOWN, Respondents.— Judgment unanimously affirmed, with costs, and findings modified as indicated in our decision in *Moenig* v. *New York Central Railroad Co.* (187 App. Div. 323). The only substantial point of difference between this case and the *Moenig* case, decided herewith, is that the deed of conveyance of the property known as the depot property is a quitclaim instead of a warranty deed, and, therefore; the line of reasoning used in the *Moenig* case, which is based upon the fact that in that case the conveyance of the depot property by warranty deed, is not applicable to the case at bar. But this quitclaim deed was preceded by an agreement between the grantors of the plaintiff and the railroad to the effect that the land should be granted to the railroad company for a depot site. The railroad company, pursuant to the grant, has located its passenger and freight station upon the said premises, and has maintained it there for many years. We think the provisions of the agreement, followed by the quitclaim grant of the land and the action of the defendant railroad company in locating its depot accordingly, estops the plaintiff from claiming any rights that would have passed to the railroad company by a grant of the land had the grantors owned the same. The same conclusion must, therefore, be reached in this case as in the *Moenig* case. Present — Mills, Rich, Blackmar, Kelly and Jaycox, JJ. Order to be settled before Mr. Justice Blackmar.

MICHAEL J. DUFFY and MARY J. DUFFY, Appellants, v. THE NEW YORK CENTRAL RAILROAD COMPANY and THE VILLAGE OF TARRYTOWN, Respondents.— Judgment unanimously affirmed, with costs, on authority of *Cushman* v. *New York Central Railroad Co.* (*ante*, p. 899), decided herewith; and findings modified as indicated in our decision in *Moenig* v. *New York Central Railroad Co.* (187 App. Div. 323). Present — Mills, Rich, Blackmar, Kelly and Jaycox, JJ. Order to be settled before Mr. Justice Blackmar.

ANGELINA FIORI, as Administratrix, etc., Appellant, v. THE CITY OF NEW

YORK and Others, Defendants, Impleaded with ANTHONY FERRIS, Respondent. (Action No. 1; appeal No. 1.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concurred.

ANGELINA FIORI, as Administratrix, etc., Appellant, v. THE CITY OF NEW YORK and Others, Defendants, Impleaded with ANTHONY FERRIS, Respondent. (Action No. 1; appeal No. 2.) — Order modified so as to give plaintiff twenty days to reply or demur (instead of ten days) after service of the amended answer; and as thus modified the order is affirmed, without costs. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concurred.

ANGELINA FIORI, as Administratrix, etc., Appellant, v. THE CITY OF NEW YORK and Others, Defendants, Impleaded with ANTHONY FERRIS, Respondent. (Action No. 2; appeal No. 3.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concurred.

ANGELINA FIORI, as Administratrix, etc., Appellant, v. THE CITY OF NEW YORK and Others, Defendants, Impleaded with ANTHONY FERRIS, Respondent. (Action No. 2; appeal No. 4.) — Order modified so as to give plaintiff twenty days to reply or demur (instead of ten days) after service of the amended answer; and as thus modified the order is affirmed, without costs. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concurred.

FRASER & BERAU, INC., Respondent, v. CHARLES J. STRICKLAND, Appellant, and Others, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ.

GUSTAV E. GOOES, Appellant, v. HENRY H. GIBSON and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concurred.

THEODORE MARSTON, Respondent, v. WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY, Appellant.— Order modified by requiring the payment of forty-five dollars costs instead of fifteen dollars, as a condition of the amendment, and by eliminating therefrom the provision: " That the answer of the defendant to the amended complaint be, and it hereby is, deemed to be its answer to the said reamended complaint; " and as so modified affirmed, without costs to either party as against the other. It is further ordered that the defendant have twenty days from the service of this order and the payment of the costs within which to answer the reamended complaint as it shall be advised. When a complaint is amended it takes the place of the original complaint, and the defendant has the right to answer as he shall see fit. It is not within the power of the court to require that defendant's answer to the complaint so amended shall be the same as its answer to the original complaint. We think the provision of section 723 of the Code of Civil Procedure, that the case retain its place on the calendar, is applicable to a reamended complaint as well as to an amended complaint. The suggestion to the contrary is entirely too technical. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concurred.